IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISIO

| | |
|---|---|
| JOHN DOE I, ON BEHALF OF HIMSELF, AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN Plaintiff v. ILLINOIS BUSINESS CONSULTING, INC., Defendant | N⁰. 17 cv Honorable Judge Magistrate Judge *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **JOHN DOE I**, by and through his attorney, JOHN W. BILLHORN, and for his complaint against Defendant **ILLINOIS BUSINESS CONSULTING, INC.**, states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

III. **THE PARTIES**

3. Defendant, ILLINOIS BUSINESS CONSULTING INC., (hereinafter "IBC") is a private concern that administers various unpaid internships for college students to work with various private corporations. IBC is an "enterprise" as defined by Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B), 29 U.S.C. §203(s)(1)(B). During all relevant times, IBC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Plaintiff, JOHN DOE I, is a former student who participated in IBC's unpaid internship program.

5. Plaintiff pursues this cause of action under the pseudonym JOHN DOE I because, due to the very nature of the IBC internship program wherein an important link and bond is established between the student and potential employers, the degree of long term economic harm to this Plaintiff and others like him if his identity was known to the public and other potential employers would be substantial in that future employers would be likely to demur to Plaintiff's hiring.

6. Plaintiff pursues this cause of action under the pseudonym JOHN DOE I also because the Plaintiff, and others similarly situated, would be unwilling to come forward and pursue these claims for wages if the consequences of that pursuit were manifested with an inability or diminished ability to attain employment in the first years of their professional careers.

7. The undesirability of such an adverse outcome to Plaintiff as well as the likelihood of Plaintiff's refusal to pursue the case at the price of being publicly identified

and potentially scorned in the job market weighs in favor of allowing Plaintiff to utilize this pseudonym.

8. In that regard, IBC possesses a direct interest in favor of allowing Plaintiff to utilize this pseudonym because it behooves IBC sustainability in that the students it connects with corporate enterprises can be as productive and successful as possible in the work force without the tainted perception of being litigious.

9. Aiding its student's ability to gain employment unencumbered by the stigma of litigation inures to the benefit of IBC in that such success improves the desirability of other paying students to engage in the program and, in turn, increases the profits and reputation of IBC.

10. Being so intimately connected with both the students and the corporate entities it serves, IBC understands and recognizes that exposure of the actual identity of **JOHN DOE I** or any other student who participates in this litigation could be detrimental to the student or graduate's employability in the future.

11. There is no prejudice IBC could suffer because of Plaintiff's use of a pseudonym herein.

12. IBC is unable to articulate any prejudice that it would suffer if Plaintiff's identity, and the identity of other past and present students and graduates, remain confidential during this litigation.

13. There is no alternative, other than the use of a pseudonym, for Plaintiff and other Plaintiffs who join this action in the future to protect themselves from the work place and job market stigma of litigation and avoid economical and reputational damage to their careers for a long period of time.

## IV. STATUTORY VIOLATIONS

### Action Under The Fair Labor Standards Act

14. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff, on behalf of himself and other past and present unpaid interns similarly situated, who have been damaged by IBC's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

15. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count III of this action is brought by Plaintiff as a FRCP 23 Class, to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

16. Plaintiff, and all other past and present unpaid interns similarly situated, were at all times pertinent to the cause of action employed by IBC in its unpaid internship program.

17. IBC employed Plaintiff and members of the Plaintiff Class in the referenced unpaid internship program.

18. IBC failed to compensate Plaintiff and other student interns for any work they performed.

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-18. Paragraphs 1 through 18 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 18 of this Count I.

4

19. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* Plaintiff, and all other student internship Plaintiffs similarly situated, are entitled to compensation for all hours worked at rates equal to the applicable federal, state and local minimum wage rates in any week during the three (3) years preceding the filing of this action.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count II.

20. In denying Plaintiff and other student interns similarly situated compensation as described above, IBC's acts were not based upon good faith or reasonable grounds.

21. Plaintiff and other student interns similarly situated are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

     (b)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

     (c)    for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-21.  Paragraphs 1 through 21 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of this Count III.

22.  As described in the foregoing paragraphs, IBC's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

23.  The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

WHEREFORE, Plaintiff, respectfully requests this Court to enter an order:

     (a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

     (b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff is are entitled;

     (c)    allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

     (d)    directing Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 12/5/2017*

/s/ John W. Billhorn
_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff